## Lehman *v.* Carbon Steel Company, Appellant.

*Negligence—Master and servant—Risk of employment.*

In an action to recover damages for personal injuries it appeared that the plaintiff was employed by the defendant, a steel company, in operating a machine which sheared steel plates. Plaintiff was experienced and had worked the machine seven months. The machine was in good condition, and of the kind in ordinary use. On the day before the accident the foreman was told that the plates were so hard that they could not be sheared successfully, but nothing was said about danger. The temper of the plates was not disclosed by inspection, and could not be known until they were under the shears. The foreman examined the plates and ac-

cording to plaintiff's testimony told the men to go on with the work.   The shears were changed and the work continued for the remainder of the day. Most of the plates were sheared without difficulty, but occasionally one was found from which sparks flew.   The next morning after working two hours, the plaintiff placed on the machine a plate of unusual hardness which, when the shears came on it, shifted from its position so that he was not able to cut it to the line.   Four times he placed it back in position, and while he was holding it there a spark flew from the plate and injured his eye.   *Held*, that the evidence of defendant's negligence was insufficient to warrant submission of the case to the jury.

Argued Nov. 5, 1902.   Appeal, No. 144, Oct. T., 1902, by defendant, from judgment of C. P. No. 1, Allegheny County, June T., 1901, No. 373, on verdict for plaintiff in case of Peter Lehman v. Carbon Steel Company.   Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Reversed.

Trespass to recover damages for personal injuries.   Before STOWE, P. J.

The facts appear by the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $2,675.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Homer L. Castle*, with him *William A. Stone* and *Stephen Stone*, for appellant, cited : Titus v. Bradford R. R. Co., 136 Pa. 618 ; Service v. Shoneman, 196 Pa. 63 ; Leonard v. Herrmann, 195 Pa. 222.

*F. C. McGirr*, with him *John Marron*, for appellee, cited : Reese v. Clark, 198 Pa. 312.

OPINION BY MR. JUSTICE FELL, January 5, 1903 :

This judgment cannot be sustained on any ground that does not practically make an employer the insurer of the safety of his workmen.   The plaintiff was employed to assist in operating a machine which sheared steel plates.   He was a skilled workman, and had worked at this machine seven months.   His business was to mark the plates, put them in position on the

machine, and guide them so that the shears would cut to the line marked. On the day before the accident, it was observed that some of the plates were so hard that they could not be sheared successfully. Sparks flew from them, large pieces chipped out, and the edges of the shears were broken. · A workman employed at the machine told the foreman of the department of this. The latter examined the plates, and according to the plaintiff's testimony told the men to go on with the work; according to his testimony he told them to cut into scraps the plates that were too hard to be sheared. The shears were changed, and the work continued for the remainder of that day as usual, most of the plates being sheared without difficulty, but occasionally one was found from which sparks flew. The next morning, after working two hours, the plaintiff placed on the machine a plate of unusual hardness, which, when the shears came on it, shifted from its position so that he was not able to cut it to the line. Four times he placed it back in position, and while he was holding it there a spark flew from the plate and injured his eye. The temper of the plates would not be disclosed by inspection, and would not be known until they were under the shears. It is conceded that the machine was in good condition and of the kind in ordinary use.

The case was submitted on the single ground that the plaintiff was subjected, by the order of the foreman to go on with the work, to unnecessary and unusual danger not manifest to him. This position is wholly untenable. The notice to the foreman was that the plates could not be sheared properly, that good work could not be done on them because they chipped and broke. The danger of the work was not mentioned and apparently not contemplated by any one. If there was unusual danger it was manifest to the plaintiff, more manifest to him than to any other person, and he had full knowledge that the last plate was unusually hard, and must be held to knowledge of the danger in attempting to shear it.

The judgment is reversed, and judgment is now entered for the defendant.